PD-1486-15

No. _____

IN THE

## Court of Criminal Appeals
## At Austin

_____

# ALAN POZZERLE,
*Appellant*

*v.*

# THE STATE OF TEXAS
*Appellee*

_____

Cause numbers 1384872
In the 183rd Judicial District Court
Of Harris County, Texas

Cause number 14-14-00610-CR
In the Court of Appeals for the Fourteenth Judicial District

_____

# *Appellant's Petition for Discretionary Review*

_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

December 30, 2015

ABEL ACOSTA, CLERK

KELLY ANN SMITH
Texas Bar No. 00797867
Kelly.A.Smith.06@gmail.com
P.O. Box 10751
Houston, TX 77206
281-734-0668

*Counsel for Appellant*

# Ground For Review

**The Court of Appeals erred by holding the appellant was not entitled to a defense of property instruction because moments had passed since he had been dispossessed of his property and was therefore not in "fresh pursuit".**

# Statement Regarding Oral Argument

Because this case involves important issues regarding this state's jurisprudence, the appellant submits that oral argument would benefit this Court and pursuant to TEX. R. APP. P. 68.4 (c), requests the opportunity to present oral argument.

No. _____

IN THE

## *Court of Criminal Appeals*
## *At Austin*
_____

# ALAN POZZERLE,
*Appellant*

*v.*

# THE STATE OF TEXAS
*Appellee*

_____

Cause numbers 1384872
In the 183rd Judicial District Court
Of Harris County, Texas

Cause number 14-14-00610-CR
In the Court of Appeals for the Fourteenth Judicial District

_____

# *Appellant's Petition for Discretionary Review*

<u>**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**</u>

The appellant, by and through undersigned counsel, files this Petition for Discretionary Review and urges this Court to grant discretionary review in this case and in support demonstrates the following.

ii

# IDENTITY OF PARTIES AND COUNSEL

The Appellant has provided a complete list of all interested parties' names below, under TEX. R. APP. P. 68.4.

The appellant or convicted person:

**Alan Pozzerle** — Appellant
TDCJ No. 01943752
Estelle Unit
264 FM 3478,
Huntsville, TX 77320-3320

Counsel for the appellant:

**Kelly Ann Smith**— Counsel on appeal
PO Box 10751
Houston, Texas 77206
Phone: (281) 734-0668

**Allen Tanner** — Counsel at trial
917 Franklin, Ste. 550
Houston, Texas 77002
(713) 225-1100

Counsel for the State:

**Devon Anderson**— District Attorney of Harris County
Harris County Criminal Justice Center

**Luis Batarse** — Assistant District Attorneys at trial
**Lisa Collins** Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713•755•5800

Trial Judge:

**Hon. Vanessa Velasquez** —— Presiding Judge of the 183rd District Court

# Table of Contents

Page

GROUND FOR REVIEW ......................................................................................... I

STATEMENT REGARDING ORAL ARGUMENT .............................................................. I

IDENTITY OF PARTIES AND COUNSEL ..................................................................... III

INDEX OF AUTHORITIES ......................................................................................... V

STATEMENT OF THE CASE ......................................................................................2

STATEMENT OF THE PROCEDURAL HISTORY ..............................................................2

GROUND FOR REVIEW ............................................................................................3

REASONS FOR REVIEW ...........................................................................................3

PRAYER ................................................................................................................4

CERTIFICATE OF COMPLIANCE & SERVICE ................................................................5

# INDEX OF AUTHORITIES

**.Statutes**

TEX. PENAL CODE § 9.41................................................................................................ 4

TEX. PENAL CODE § 9.42................................................................................................ 3

**Rules**

TEX. R. APP. P. 68.4........................................................................................................ i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The State accused the appellant of murder. (CR 34). The indictment alleged that the appellant caused William Johnson's death by striking Johnson with a motor vehicle and, in a separate paragraph, with a club (CR 34). The appellant pled not guilty to the indictments' allegations, and the case was tried together before a jury and the Honorable Vanessa Velasquez, presiding judge of the 183rd District Court in Harris County Texas (RR Vol. II at 5-6). The jury found the appellant guilty of murder than assessed his punishment at thirty-five years in prison (CR 91, 98, 99; RR Vol. VI at 96; Vol. VII at 4). The appellant filed a notice of appeal, and the trial court certified the appellant's right to appeal (CR 102-3).

## STATEMENT OF THE PROCEDURAL HISTORY

The Fourteenth Court of Appeals affirmed the appellant's conviction in *Alan Pozzerle v. The State of Texas,* Nos. 14-14-00610-CR, (Tex. App.—Houston [1st Dist.] October 13, 2015). Neither party filed a motion for rehearing.

## GROUND FOR REVIEW

**The Court of Appeals erred by holding the appellant was not entitled to a defense of property instruction because moments had passed since he had been dispossessed of his property and was therefore not in "fresh pursuit".**

## REASONS FOR REVIEW

This Court should grant review to address what constitutes "fresh pursuit" for purposes of penal code section 9.41. Here, the appellant tried his case on a theory of defense of property and self. He testified that immediately prior to the altercation, his mobile phone had been stolen, and the complainant was holding it in lieu of a ransom. The apparent thief spoke to the appellant and demanded $80 for the phone's return. The appellant needed his mobile phone for work and was desperately anxious for its return. He met William Johnson in an attempt to retrieve his phone. The meeting was captured on videotape and witnessed by Alvin Hickman. The appellant admitted engaging in the acts that led to Johnson's death, but claimed Johnson was alive when he left him. The appellant admitted to striking Johnson with a jack handle and his van, but claimed a Hickman, his accomplice, turned the wheel and was more responsible than him for the van striking Johnson. The appellant recovered his phone.

During the charge conference the appellant requested an instruction on section 9.42 on use of deadly force to protect property. *See* TEX. PENAL CODE §§ 9.41 &

9.42. The trial court denied the appellant's request. The court of appeals upheld this denial by determining the appellant was not "in fresh pursuit" of his phone. *See Pozzerle v. State,* Nos. 14-14-00610-CR, slip op. The court of appeals, without the benefit of any brief from the state, determined that somewhere the record reflected forty-five minutes passed while the appellant was attempting to retrieve his phone. The court of appeals then relied on only unpublished authority from the First and Fourteenth Courts of Appeals before holding that the appellant was not entitled to a defense of property instruction because he was not in fresh pursuit of his phone.

This Court should grant review and determine what constitutes "fresh pursuit" for purposes of penal code section 9.41.

## PRAYER

The appellant respectfully urges this Honorable Court to grant the Appellant's Petition for Discretionary Review.

_____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867

## CERTIFICATE OF COMPLIANCE & SERVICE

Under TEX. R. APP. P. 9.4, 9.5 & 68.11, this certifies that this document contains 2543 words and the undersigned served a copy of this petition on the State of Texas and the State Prosecuting Attorney at the following addresses:

Devon Anderson
Harris County District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

Lisa C. McMinn
P.O. Box 13046
Capitol Station
Austin, Texas 78711
(512) 463-1660

_____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867
P.O. Box 10752
Houston, TX 77206
281-734-0668

**Affirmed and Memorandum Opinion filed October 13, 2015.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-14-00610-CR

———————————

### ALAN POZZERLE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1384872**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Alan Pozzerle of murder and sentenced him to confinement for thirty-five years in the Institutional Division of the Texas Department of Criminal Justice. In two issues, appellant claims the trial court erred in instructing the jury. We affirm.

# I.  BACKGROUND

Appellant's cell phone was taken out of the motel room in which he was living. Appellant called his phone and eventually someone answered, demanding $80 for the phone's return. Appellant called 9-1-1 to report the theft and went to a nearby convenience store to retrieve it. Neither the police nor anyone with his phone arrived. Appellant called his phone again and arranged to pay for the return of his phone.

Appellant and another man met the complainant on a street near the motel. Appellant's account of what followed varied from that of his companion but both testified that appellant hit the complainant with an object (described by appellant as a floor jack handle) and then struck the complainant with his van. Appellant testified that he then retrieved his phone and left the scene. The man subsequently was found dead where appellant left him.

# II.  DEFENSE OF PROPERTY

Appellant's first issue asserts the trial court erred by refusing his request to instruct the jury during the guilt-innocence phase on defense of property as justification for the complainant's murder. Appellant cites Texas Penal Code section 9.41 and 9.42 in support of his claim.

Under section 9.41(a), "[a] person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property." *See* Tex. Penal Code Ann. § 9.41(a) (West 2011). However, the evidence reflects appellant was no longer in possession of his phone. Where, as here, the alleged owner of property already had been dispossessed of property and

2

was attempting to regain possession at the time force was used, section 9.41(b) is applicable:

> A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property *if the actor uses the force immediately or in fresh pursuit after the dispossession* and:
>
> (1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or
>
> (2) the other accomplished the dispossession by using force, threat, or fraud against the actor.

*Id.* § 9.41(b) (West 2011) (emphasis added). The record reflects appellant called 9-1-1 and reported the phone stolen approximately forty-five minutes before the altercation with the complainant. *See Ordonez v. State*, 14-10-00132-CR, 2010 WL 5395808, at *3 (Tex. App.—Houston [14th Dist.] Dec. 21, 2010, no pet.) (mem. op.) (not designated for publication), citing *Salley v. State*, No. 14–97–00656–CR, 2000 WL 552193, at *3 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd) (mem. op.) (not designated for publication) (appellant's use of force was not immediately after or in fresh pursuit after dispossession when he walked down to his van, retrieved a shotgun, returned upstairs, and shot the complainant who had refused to return appellant's revolver); *Hall v. State*, No. 01–88–00511–CR, 1989 WL 21835, at *2 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (not designated for publication) (appellant who used force in an attempt to recover a wrecker approximately one hour after it was taken did not act "immediately or in fresh pursuit"). Appellant's use of force against the complainant was therefore not immediate or in fresh pursuit after he was dispossessed of the phone. Accordingly, the trial court did not err in refusing to instruct the jury on defense of property. Appellant's first issue is overruled.

3

## II. SUDDEN PASSION

In his second issue, appellant argues the trial court erred by refusing his request to instruct the jury during the punishment phase on the special issue of sudden passion. *See* Tex. Pen. Code Ann. § 19.02(d) (West 2011); *Wooten v. State*, 400 S.W.3d 601, 605 (Tex. Crim. App. 2013).

A murder committed under the "immediate influence of sudden passion arising from an adequate cause" is a second-degree felony and carries a maximum punishment of imprisonment for twenty years. Tex. Penal Code Ann. § 19.02(d). Sudden passion arises at the time of the murder and is "passion directly caused by and arising out of provocation by the individual killed." *Id.* § 19.02(a)(2). Adequate cause "would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." *Id.* § 19.02(a)(1). With respect to the issue of sudden passion, the defendant has the burden of production and persuasion. *Id.* § 19.02(d).

To justify an instruction to the jury on the issue of sudden passion at the punishment phase, the record must at least minimally support an inference: 1) the defendant in fact acted under the immediate influence of a passion such as terror, anger, rage, or resentment; 2) his sudden passion was in fact induced by some provocation by the deceased or another acting with him which would commonly produce such a passion in a person of ordinary temper; 3) he committed the murder before regaining his capacity for cool reflection; and 4) a causal connection existed between the provocation, passion, and the murder. *Wooten*, 400 S.W.3d at 605. If the evidence from any source, during either phase of trial, raises the issue, be it weak, impeached, contradicted, or unbelievable, the trial court must submit the issue in the jury charge if it was requested by the defendant. *Id.* We first determine whether the trial court erred by failing to submit such an instruction. *Id.* at 606.

4

In support of his argument that he raised the issue of sudden passion, appellant refers to the testimony of a witness:

> . . . But that day, he lost it. So, it really tripped me out, you know. I'd never seen a bad side to him. Never have. But that day, he tripped all the way out.
>
> . . .
>
> He was silent. His -- his face, I can't describe it, but he was not hisself. He was, like, transformed to something else. I don't know what it was, but he was not hisself. I had never seen him act like that before, never.

Appellant also points to his own testimony that "[his] mind was doing a hundred miles a minute" and he was mad.

> The record reflects appellant testified as follows:
>
> Yes. I was mad. *But as soon as I got my phone, my anger level just dropped* and I was more squared [sic] than anything because during all this time I was also scared because this guy's pulled a knife on me.

(Emphasis added.)

While there was evidence appellant acted in response to provocation, i.e. the complainant's alleged theft of his phone, there was no evidence that appellant acted under the *immediate* influence of terror, anger, rage, or resentment. *See Trevino v. State*, 100 S.W.3d 232, 241 (Tex. Crim. App. 2003) (per curiam). As noted above, appellant called 9-1-1 to report the stolen phone approximately forty-five minutes before the complainant was killed and his own testimony reveals that he "cooled off." Moreover, being robbed of a cell phone would not commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. *See Nava v. State*, 379 S.W.3d 396, 423 (Tex. App.—Houston [14th Dist.] 2012), *aff'd*, 415 S.W.3d 289 (Tex. Crim. App. 2013). Appellant's claim that he was scared because

5

the complainant had a knife is insufficient because a "bare claim of fear" does not demonstrate "sudden passion arising from adequate cause." *Wooten*, 400 S.W.3d at 606–607. Accordingly, the trial court did not err in failing to instruct the jury on the issue of sudden passion at punishment. Appellant's second issue is overruled.

Having overruled both of appellant's issues, the judgment of the trial court is affirmed.

/s/  Martha Hill Jamison
   Justice

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).